**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re: DORI DANYELLE WINGATE** | Case No. 15-35033-KLP |
| **Debtor** | Chapter 13 |

**DORI DANYELLE WINGATE,** *individually and on behalf of a class of similarly situated individuals,*

      **Plaintiff,**

v.                                                        Adv. Pro. No. _____

**BLUECHIP FINANCIAL,**
d/b/a Spotloan.
and
**AMERICAN INFOSOURCE LP**

      **Defendants.**

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, DORI DANYELLE WINGATE, ("Plaintiff", or "Ms. Wingate"), by counsel, and for her Complaint against the Defendants, she alleges as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for declaratory relief, injunctive relief, actual damages, statutory damages, costs and attorneys' fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and for sanctions pursuant to Federal Rule of Bankruptcy Procedure 3001. Plaintiff brings this action individually and on behalf of all others similarly situated to recover remedies by reason of the Defendants' violations of the FDCPA and Federal Rule of

| | | |
|---|---|---|
| Emily Connor Kennedy (VSB #83889) | Dale W. Pittman (VSB #15673) | Thomas D. Domonoske (VSB # 35434) |
| Mark C. Leffler (VSB #40712) | THE LAW OFFICE OF DALE W. PITTMAN, P.C. | Consumer Litigation Associates. P.C. |
| Boleman Law Firm, P.C. | The Eliza Spotswood House | 763 J. Clyde Morris Blvd., Suite 1A |
| 2104 W. Laburnum Ave., Suite 201 | 112-A West Tabb Street | Newport News, VA 23601 |
| Richmond, VA 23227 | Petersburg, VA 23803 | Telephone (540) 442-7706 |
| Telephone (804) 358-9900 | Telephone (804) 861-6000 | Counsel for Plaintiff |
| Counsel for Plaintiff | Counsel for Plaintiff | |

Bankruptcy Procedure 3001. The violating actions addressed in this complaint stem from Defendants' attempts to collect a usurious debt by filing improper Proofs of Claim in Plaintiff's Chapter 13 bankruptcy case.

## II.   JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(b), and 1334, and 11 U.S.C. §§ 105 and 502, and Federal Rules of Bankruptcy Procedure 3001, 3007, and 7023 in that this action arises in and relates to Plaintiff's Chapter 13 bankruptcy case.

3. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (C), and (O). The claims in this case arise under 28 U.S.C. §§ 1331 and 1332, and 15 U.S.C. § 1692k(d). To the extent that the Court finds that any of Plaintiff's claims in this complaint are non-core claims, Plaintiff consents to entry of final judgment on all claims presented in this matter by the Bankruptcy Court.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1409. A substantial portion of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff and other similarly-situated debtors filed bankruptcy in this District, payments were demanded in this District, and Defendants transact business in this District.

## III.   PARTIES

5. Plaintiff Dori Danyelle Wingate is a natural person, and an adult resident of the Richmond Division. She is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant BlueChip Financial ("Spotloan") is an out-of-state company that is not registered with the Virginia State Corporation Commission. It does business as Spotloan, Inc.

7. Defendant American InfoSource LP ("InfoSource") is an out-of-state limited partnership that is not registered with the Virginia State Corporation Commission. It filed a Proof of Claim in Ms. Wingate's bankruptcy on behalf of Spotloan.

8. InfoSource asserts that it is a leading servicer of consumer bankruptcy debt, and the largest filer of bankruptcy Proofs of Claim in the U.S. American InfoSource, Bankruptcy Solutions, www.americaninfosource.com/business-process-experts/bankruptcy/ (last visited June 12, 2017).

9. InfoSource regularly collects or attempts to collect debts that are owed or due or asserted to be owed or due another. InfoSource is a "debt collector" as defined by 15 U.S.C. §1692(a)(6).

### IV.   FACTUAL ALLEGATIONS

10. On September 30, 2015, Plaintiff filed for relief under Chapter 13 of Title 11 U.S. Code in the Bankruptcy Court for the Eastern District of Virginia, Case No. 15-35033-KLP.

11. On October 5, 2015, Defendants filed or caused to be filed a Proof of Claim against Ms. Wingate in her bankruptcy case, attempting to collect $1,498.87. The Proof of Claim is attached to this complaint as Exhibit 1.

12. The alleged debt described in the Proof of Claim is a "debt" as defined in 15 U.S.C. § 1692(a)(5).

13. In the Proof of Claim, Defendants describe the current creditor as "American InfoSource LP as agent for Spot Loan".

14. In Box 1 of the Proof of Claim, Defendants indicated that no interest or other charges were included in the claim.

3

15. Because the claim asserted that no interest or fees were included in the claim, no itemization of interest or fees was attached.

16. In Box 2 of the Proof of Claim, Defendants indicated the basis of the claim was "Money Loaned".

17. Despite referencing a loan, the Proof of Claim included no copies of any loan agreement.

18. In Box 8 of the Proof of Claim, Defendant InfoSource checked the box indicating that it is "the creditor's authorized agent".

19. The Proof of Claim is signed by an employee of InfoSource.

20. Attached to the Proof of Claim is a document called "Statement of Accounts".

21. This document asserts that the InfoSource employee who signed the Proof of Claim "relied in part on information provided by an employee at Spot Loan who has personal knowledge as to the calculation of the claim amount and a summary of that process. This information will be provided upon request."

22. Above the signature of the InfoSource employee, the Proof of Claim states, "I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief."

23. Contrary to that declaration, both Spotloan and InfoSource knew that the information was not true and correct.

24. Both Spotloan and InfoSource knew that Spotloan was claiming that it had made a loan in the principal amount of $800.00.

25. Both Spotloan and InfoSource knew that Spotloan claimed the right to charge 360% annual interest on that loan amount.

4

26. Both Spotloan and InfoSource knew that Spotloan's standard business practice was to charge excessively high interest on loans made through the internet.

27. At the time it was filed, both Spotloan and InfoSource knew that the claim amount included interest.

28. Spotloan and InfoSource intentionally and willfully misrepresented in the Proof of Claim that no interest was included.

29. Spotloan and InfoSource intentionally and willfully failed to attach the loan documents in their possession which would show that interest was included.

30. Plaintiff denies owing this debt to Defendants and has objected to the Proof of Claim (see Objection filed in Case No. 15-35033-KLP, Docket No. 26, filed May 16, 2016).

31. Plaintiff's Objection asserts that the loan is both usurious and void under Virginia law.

32. Plaintiff's Objection also requested that Defendants provide a copy of the loan documents that were not filed with the Proof of Claim.

33. In response to Plaintiff's Objection, Defendants filed or caused to be filed an Amended Proof of Claim. The Amended Proof of Claim is attached to this complaint as Exhibit 2.

34. The Amended Proof of Claim again asserts that no interest or fees are included in the claim amount.

35. The Amended Proof of Claim again asserts, under oath, that the information provided is true and correct.

36. The Amended Proof of Claim includes a copy of the loan agreement showing a principal balance of $800.00 and an interest rate of 360%.

37. In the Amended Proof of Claim, Spotloan and InfoSource intentionally and willfully misrepresented that no interest was included.

38. Although the issues in this case can be determined without deciding whether the underlying claims are void, upon information and belief, the actions taken by Defendants in their efforts to conceal the invalidity of the underlying debts lead to their violations of the FDCPA and Bankruptcy Rule 3001.

39. The loan agreement is a standardized document which asserts that the laws of the Turtle Mountain Band of Chippewa Indians apply and "that United States state law does not apply to the Loan Agreement in any way."

40. Although the loan agreement contains an arbitration clause, it also asserts that it "shall remain exclusively subject to the laws and courts of the Turtle Mountain Band of Chippewa Indians."

41. The choice of forum and choice of law clauses used in Spotloan's form contract seek to disclaim the laws of the United States, and these clauses are unenforceable. *See Dillon v. BMO Harris Bank*, 856 F.3d 330, 335-36 (4th Cir. 2017).

42. The loan agreement does not disclose that BlueChip Financial is in any way the original creditor extending credit.

43. The loan agreement's only statement about BlueChip Financial is that the debtor irrevocably appoints BlueChip Financial as a "Registrar" who will keep a "Register" of the ownership of the loan and the principal and interest owing from time to time.

44. The loan agreement asserts that the Registrar's Register is "conclusive" upon the parties, "absent clear error".

45. InfoSource did not become involved in attempting to collect this debt until Plaintiff declared bankruptcy and stopped making payments on the debt.

46. InfoSource has a contract with Spotloan to file Proofs of Claim for Spotloan when debtors on Spotloan's high-interest rate loans declare bankruptcy.

V.

**COUNT I
CLASS CLAIM AGAINST INFOSOURCE
VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692, *et seq*.**

47. Plaintiff realleges and incorporates all of the preceding paragraphs in this complaint.

48. Pursuant to Rules 23(a), (b)(2), (b)(3) and (c)(4) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following persons ("the FDCPA Class" or "FDCPA Class Members"):

> All debtors in the Bankruptcy Court for the Eastern District of Virginia in whose bankruptcy cases InfoSource filed Proofs of Claim alleging that a claim owed to Spotloan included no interest, fees, or other charges in the claim amount, and that state the person signing the Proof of Claim has a reasonable belief that the information in the Proof of Claim is true and correct.

49. Members of the above-defined FDCPA Class can be easily identified through Defendants' records, the records of this Court, and the records of this Court's Chapter 13 trustees.

**A. Numerosity**

50. The proposed FDCPA Class is so numerous that individual joinder of all Members is impracticable.

7

51. While the identities of FDCPA Class Members are unknown to Plaintiff at this time, their identifying information is readily ascertainable through appropriate investigation and discovery. The disposition of the claims of the FDCPA Class Members in a single action will provide substantial benefits to all class members and to the Court. The FDCPA Class Members may be notified through the Bankruptcy Noticing Center.

### B.     Predominance of Common Questions of Law and Fact

50. Common questions of law and fact exist as to all Members of the FDCPA Class and predominate over any questions affecting only individual FDCPA Class Members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether the Proofs of Claim are false;

(b) Whether the Proofs of Claim violate Federal Rule of Bankruptcy Procedure 3001;

(c) Whether InfoSource violated the Fair Debt Collection Practices Act;

(d) Whether InfoSource engaged in unfair, deceptive, and unconscionable practices in connection with the Proofs of Claim;

(e) Whether, as a result of InfoSource's activities, Plaintiff and FDCPA Class Members have suffered damages and, if so, the appropriate valuation of those damages; and,

(f) Whether, as a result of InfoSource's activities, Plaintiff and FDCPA Class Members are entitled to declaratory and injunctive relief, or other relief; and, if so, the nature of that relief.

### C.     Typicality

51. Plaintiff's claims are typical of the claims of the Members of the FDCPA Class. Plaintiff and FDCPA Class Members share the facts and legal claims or questions in this complaint, and Plaintiff and all FDCPA Class Members have been similarly affected by

8

InfoSource's common course of conduct: filing improper claims with false representations in this District.

### D. Adequacy

52. Plaintiff will fairly and adequately represent and protect the interests of the FDCPA Class. Plaintiff has retained counsel with substantial experience in handling bankruptcy matters as well as complex class action litigation, including complex questions that arise in this type of financial and consumer protection litigation.

53. Plaintiff and her counsel are committed to the vigorous prosecution of this action. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the FDCPA Class. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

### E. Superiority

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a) The claims presented in this case predominate over any questions of law or fact affecting individual FDCPA Class Members;

(b) Individual joinder of all FDCPA Class Members is impracticable;

(c) Absent a Class, Plaintiff and FDCPA Class Members will continue to suffer harm as a result of InfoSource's unlawful conduct;

(d) Given the amount of individual FDCPA Class Members' claims, few, if any, FDCPA Class Members have the resources to, or would choose to, seek legal redress for the wrongs Defendants committed against them, and absent FDCPA Class Members have no substantial interest in individually controlling the prosecution of individual actions;

9

(e) Even if individual FDCPA Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

(f) Adjudications of FDCPA Class Members' claims against InfoSource on an individual basis would, as a practical matter, be dispositive of the interests of other FDCPA Class Members who are not parties to the adjudication, and may substantially impair or impede the ability of other FDCPA Class Members to protect their interests; and,

(g) This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and FDCPA Class Members can seek redress for the harm caused by Defendants.

**F.     Injunctive Relief**

55.    InfoSource knowingly filed improper Proofs of Claim, which failed to comply with Bankruptcy Rule 3001 and which contained false statements, resulting in uniform damage to Plaintiff and FDCPA Class Members.  As a result, InfoSource has acted on grounds generally applicable to each FDCPA Class Member, which makes final injunctive relief or corresponding declaratory relief appropriate with respect to the FDCPA Class as a whole.  Pursuant to 28 U.S.C. § 2201, there is an actual justiciable controversy which is not speculative, and a declaratory judgment is the appropriate mechanism for resolving the dispute.

56.    Because Plaintiff seeks injunctive and corresponding declaratory and equitable relief for the entire FDCPA Class, the prosecution of separate actions by individual FDCPA Class Members would create a risk of inconsistent or varying adjudications with respect to individual FDCPA Class Members, and would establish incompatible standards of conduct for

Defendants. Further, bringing individual claims would overburden the courts and would be an inefficient method of resolving the dispute at the center of this litigation.

### G. The FDCPA Violations

57. InfoSource violated 15 U.S.C. §1692e by using false, deceptive, and/or misleading representations or means in connection with the collection of a debt. Specifically, InfoSource filed Proofs of Claim falsely asserting that a reasonable belief exists that no interest or fees were included in the claims even though it knew the claims were based on high-interest rate loans and that interest was included.

58. InfoSource violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect a debt by filing Proofs of Claim that did not comply with Rule 3001's requirement that the documentation supporting the claims be attached.

59. As further examples of InfoSource's standard practice in violation of the FDCPA, Exhibits 3, 4, 5, and 6 of this Complaint show the exact practice by InfoSource of withholding the documentation underlying the claim.

60. The standard practice of InfoSource of withholding the documentation underlying the claim is unfair and unconscionable because providing that documentation in the first instance would show the following;

   a. that interest was included;

   b. that the interest was at an extremely high rate; and

   c. that the loan agreement asserted that no laws of the United States applied.

61. If the loan agreements had been attached in the first instance in each case, bankruptcy trustees and debtor's counsel could then have knowledgeably decided whether to

challenge the Proofs of Claim as falsely asserting no interest was included, and also whether to challenge the claims as based on usurious or void debts.

62. As a result of the violations of the FDCPA, InfoSource is liable to Plaintiff and the putative FDCPA Class Members for actual and statutory damages, plus costs and attorneys' fees.

**COUNT II**
**CLASS CLAIM AGAINST SPOTLOAN**
**VIOLATIONS OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001**

63. Plaintiff realleges and incorporates all of the preceding paragraphs in the complaint.

64. Pursuant to Rules 23(a), (b)(2), and (c)(4) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following persons ("the Rule 3001 Class" or "Rule 3001 Class Members"):

> All debtors in the Bankruptcy Court for the Eastern District of Virginia in whose bankruptcy cases Proofs of Claim alleged that a claim was owed to Spotloan that included no interest, fees, or other charges in the claim amount.

65. As set forth below, using the factors for (b)(3) class actions as a guide for this (b)(2)-only class, injunctive and corresponding declaratory relief is appropriate for the Rule 3001 Class as a whole.

66. For this (b)(2) class, the members can be easily identified through Spotloan's records, the records of this Court, and the records of this Court's Chapter 13 trustees.

**A.    Numerosity**

67. The proposed Rule 3001 Class is so numerous that individual joinder of all Members is impracticable.

12

68. While the identities of Rule 3001 Class Members are unknown to Plaintiff at this time, their identifying information is readily ascertainable through appropriate investigation and discovery. The disposition of the claims of the Rule 3001 Class Members in a single action will provide substantial benefit to all class members and to the Court. The Rule 3001 Class Members and the Chapter 13 Trustees in each affected case may be notified through the Bankruptcy Noticing Center.

### B.    Predominance of Common Questions of Law and Fact

69. Common questions of law and fact exist as to all Members of the Rule 3001 Class and predominate over any questions affecting only individual Rule 3001 Class Members. These common legal and factual questions include, but are not limited to, the following:

(a)    Whether the claim amount actually included interest or fees;

(b)    Whether the Proofs of Claim violate Federal Rule of Bankruptcy Procedure 3001;

(c)    Why Spotloan would file false Proofs of Claim;

(d)    Whether the decision to withhold the documentation underlying the claim was an effort to conceal the false assertion of no interest in the claim;

(e)    Whether the decision to withhold the documentation underlying the claim was an effort to conceal the terms of the loan agreement, which are unenforceable;

(f)    Whether the decision to withhold the documentation underlying the claim was an effort to conceal that the loans were usurious and void;

(g)    Whether, as a result of Spotloan's activities, Plaintiff and Rule 3001 Class Members are entitled to declaratory and injunctive relief, or other relief; and, if so, the nature of the relief.

13

### C. Typicality

70. Plaintiff's claims are typical of the claims of the Members of the Rule 3001 Class. Plaintiff and Rule 3001 Class Members share the facts and legal claims or questions in this complaint. Plaintiff and all Rule 3001 Class Members have been similarly affected by Spotloan's common course of conduct: filing Proofs of Claim in this District that violate Rule 3001.

### D. Adequacy

71. Plaintiff will fairly and adequately represent and protect the interests of the Rule 3001 Class. Plaintiff has retained counsel with substantial experience in handling bankruptcy matters as well as complex class action litigation, including complex questions that arise in this type of financial and consumer protection litigation.

72. Plaintiff and her counsel are committed to the vigorous prosecution of this action. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Rule 3001 Class. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

### E. Superiority

73. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a) The claims presented in this case predominate over any questions of law or fact affecting individual Rule 3001 Class Members;

(b) Individual joinder of all Rule 3001 Class Members is impracticable;

(c) Absent a Class, Plaintiff and Rule 3001 Class Members will continue to suffer harm as a result of Spotloan's unlawful conduct;

(d) Few, if any, Rule 3001 Class Members have the resources to, or would choose to, seek legal redress for the wrongs that Spotloan committed against them, and absent Rule 3001 Class Members have no substantial interest in individually controlling the prosecution of individual actions;

(e) Even if individual Rule 3001 Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

(f) Adjudications of individual Rule 3001 Class Members' claims against Spotloan would, as a practical matter, be dispositive of the interests of other Rule 3001 Class Members who are not parties to the adjudication, and may substantially impair or impede the ability of other Rule 3001 Class Members to protect their interests; and,

(g) This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Rule 3001 Class Members can seek redress for the harm caused by Spotloan.

    **F.    Injunctive Relief**

74. Spotloan knowingly filed or knowingly authorized the filing of improper Proofs of Claim that failed to comply with Bankruptcy Rule 3001 and which contained false statements, resulting in uniform damage to Plaintiff and Rule 3001 Class Members. As a result, Spotloan has acted or refused to act on grounds generally applicable to each Rule 3001 Class Member, which makes final injunctive relief or corresponding declaratory relief appropriate with respect to the Rule 3001 Class as a whole. Pursuant to 28 U.S.C. § 2201, there is an actual justiciable controversy which is not speculative, and a declaratory judgment is the appropriate mechanism for resolving the dispute.

75. Because Plaintiff seeks injunctive and corresponding declaratory and equitable relief for the entire Rule 3001 Class, the prosecution of separate actions by individual Rule 3001 Class Members would create a risk of inconsistent or varying adjudications with respect to individual Rule 3001 Class Members, and would establish incompatible standards of conduct for Spotloan. Further, bringing individual claims would overburden the courts and would be an inefficient method of resolving the dispute at the center of this litigation.

**G.     The Rule 3001 violation**

76. Spotloan violated Federal Rule of Bankruptcy Procedure 3001(c)(1) by filing or authorizing the filing of Proofs of Claim that intentionally omit the documentation underlying the claims.

77. Spotloan violated Federal Rule of Bankruptcy Procedure 3001(c)(2) by filing or authorizing the filing of Proofs of Claim that intentionally falsely assert that no interest or fees or other charges were in the claim amounts, and that fail to include an itemized statement of the interest, fees, expenses, or charges that it knew were actually incurred before the bankruptcy petitions were filed and which were included in the claim amounts.

78. Exhibits 3, 4, 5, and 6 show the exact practice of Proofs of Claim filed on Spotloan's behalf that withhold the documentation underlying the claim.

79. As a result of the violations of the Federal Rule of Bankruptcy Procedure 3001(c), and as the "holder of the claim", Spotloan is subject to an appropriate remedy as determined by this Court, for Plaintiff and the putative Rule 3001 Class Members, and also for costs and attorneys' fees.

## VII.    DEMAND FOR RELIEF

Plaintiff therefore requests on behalf of herself and the proposed two classes, the following relief:

(i)   An order certifying the FDCPA Class Members' claims pursuant to Fed. R. Civ. P. 23(b)(3) and/or 23(b)(2), or certifying such issues as may be deemed appropriately treated on a class basis;

(ii)   An order certifying the Rule 3001 Class Members' claims pursuant to Fed. R. Civ. P. 23(b)(2), or certifying such issues as may be deemed appropriately treated on a class basis;

(iii)   An order appointing named Plaintiff as representative of both classes and appointing undersigned counsel as Class counsel for each class;

(iv)   An award of damages under the FDCPA, including actual and statutory damages against InfoSource in an amount to be proven at the time of trial;

(v)   An award of the appropriate remedy as determined by this Court for Spotloan's violations of Federal Rule of Bankruptcy Procedure 3001(c)(1), including but not limited to striking Spotloan's claims filed in violation of this rule;

(vi)   An award of attorneys' fees;

(vii)   An award of litigation costs;

(viii)   A Declaration that Defendants violated the law and an injunction against them filing any further Proofs of Claim that violate Federal Rule of Bankruptcy Procedure 3001(c)(1); and

(ix)   Other declaratory or injunctive relief as the Court deems fair and equitable.

Respectfully submitted,
**DORI DANYELLE WINGATE**
By: /s/ Mark C. Leffler
    Counsel for Plaintiff

Emily Connor Kennedy (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Plaintiff

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Telephone (804) 861-6000
Counsel for Plaintiff

Thomas D. Domonoske (VSB #35434)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Telephone (540) 442-7706
Counsel for Plaintiff