**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **DORI DANYELLE WINGATE** | * | **Case No. 15-35033-KLP** |
| | * | Chapter 13 |
| | * | |
| Debtor. | * | |

**DORI DANYELLE WINGATE**, *individually and on behalf of a class of similarly situated individuals,*

Plaintiff,

v.

**BLUECHIP FINANCIAL, D/B/A SPOTLOAN**, *et al.*

Defendants.

**Adv. Pro. No. 17-04453-KLP**

## STIPULATED PROTECTIVE ORDER

Upon the request of the Plaintiff Dori Danyelle Wingate and the Defendants BlueChip Financial and American InfoSource, LP (each, a "*Party*" and collectively, the "*Parties*") in the above-captioned action that this Protective Order be entered to ensure that documents and information submitted by any Party during the course of the mediation ("*Mediation*") is not improperly used or disclosed, and for good cause shown,

**IT IS ORDERED THAT:**

1.**Applicability:** This Protective Order is applicable to all Parties in the Mediation, employees, attorneys, and other agents of the Parties, and any additional persons who are authorized hereunder to sign the attached Confidentiality Acknowledgment, for the sole purpose of facilitating the Mediation and protecting the confidential and commercial interests of the Parties throughout the course of the Mediation.

2. **Designation of Confidential Material:** A Party may designate as "*Confidential Material*" any document or other information produced, served, or otherwise disclosed during the Mediation process that it reasonably and in good faith believes is (i) a trade secret (as defined under 18 U.S.C. § 1839), (ii) sensitive personal or financial identifying information (such as birth dates, social security numbers, and financial account numbers), (iii) information protected from disclosure by contractual obligations with third parties, (iv) confidential research, development, or commercial information, or other non-public commercially sensitive or commercially valuable information, the public disclosure of which could reasonably be expected to result in commercial or competitive injury, (v) information that a producing Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (vi) information that a Party believes in good faith is commercially or politically sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. A Party shall not routinely designate material as Confidential Material, or make such designation without a reasonable and good faith belief that such designation is appropriate. The designation of Confidential Material will be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." If the legend cannot reasonably be applied in such a manner, the designating Party may use other reasonable means of giving written notice of the Party's designation of the information as Confidential Material. The designation of Confidential Material shall be made prior to, or contemporaneously with, the production or disclosure of such documents and information.

3. **Restrictions on Use of Confidential Material:** Except as agreed by the designating Party or as otherwise provided herein, Confidential Material: (a) will be maintained in

2

confidence; (b) may be disclosed only to persons permitted to have access thereto under the terms of this Protective Order; and (c) will be used by such persons to whom it is disclosed only for purposes of the Mediation. The Parties agree that no Party may file Confidential Material with the Clerk of Court or via the Case Management/Electronic Case Filing System. The Parties may later enter into amended or supplemental protective orders to address the designation and use of Confidential Material in the above-captioned action outside the scope of Mediation.

4. **Authorized Users of Confidential Material:** Except as agreed in writing by the designating Party or as otherwise provided herein, information designated Confidential Material subject to this Protective Order will not be disclosed or shown to any person except the following:

(a) The judicial mediator, the Honorable Frank J. Santoro, and the Court's personnel;

(b) Counsel of record in the above-captioned action, any counsel of a Party from whom that Party seeks or obtains advice or assistance regarding this litigation, and the attorneys, paralegals, and other employees at any law firms of such counsels;

(c) A person who previously had access to the Confidential Material as a named addressee, recipient, or author of the Confidential Material as indicated on the Confidential Material;

(d) Any Party that is a natural person and, in the case of a Party who is not a natural person, the Party's respective officers, manager-members, and directors and the officers, manager-members, and directors of such Party's company or corporate affiliates; and

(e) Employees of a Party (including those of a Party's corporate or company affiliates) to whom disclosure is reasonably necessary to provide litigation assistance to the Party or the Party's counsel of record in the course of the Mediation.

3

5.     **Inadvertent Failure to Designate:** In the event a Party inadvertently fails to designate specific documents or materials as containing Confidential Material at the time of their production, the producing Party shall have seven (7) days after discovery of such error to designate the documents or materials as Confidential Material. The failure to timely correct such inadvertent failure waives the Party's right to secure protection under this Protective Order for such material or document. Parties shall designate such material by sending written notice of a designation to all other Parties in possession or custody of such previously undesignated material. The designating Party will either provide the bates number(s) of the material in the written notice or provide a copy of the designated material bearing the appropriate legend/designation. Upon notice of designation pursuant to this paragraph, the Parties will: (i) make no further disclosure of such designated material or information contained therein, except as allowed under this Protective Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated material of the terms of this Protective Order; and (iii) request the destruction or return of any such designated material in the possession of any person unauthorized to receive the material under this Protective Order to whom they may have provided such material before being notified of the inadvertent failure to designate.

6.     **Mistaken Designation:** If a Party discovers that material it designated as Confidential Material is in actuality not Confidential Material, that Party must inform the other Parties of such mis-designation and will, at its expense and within seven (7) days of such discovery, provide to each Party additional copies thereof from which all confidentiality legends/designations affixed hereunder have been adjusted to reflect the re-designation or have been removed as appropriate.

7. **Objections to Designations:** Any Party may object to a designation of Confidential Material by notifying the designating Party in writing of that objection. That notification must specify the Confidential Material whose designation is being challenged. For challenged documents with bates numbers, the notification must specify the bates range corresponding to each challenged document to which the objection is made. The Parties will, within seven (7) days of service of the written objection, confer concerning the objection. If the dispute is not resolved within seven (7) days of the conferral, any Party may file and serve a motion to resolve the dispute over the designation of the material. Information subject to dispute will, until further order of the Court, be treated consistently with its designation. With respect to any material that is re-designated or ceases to be subject to the protection of this Protective Order, the designating Party will, at its expense, provide to each Party, upon request, additional copies thereof from which all confidentiality legends/designations affixed hereunder have been adjusted to reflect the re-designation or have been removed as appropriate.

8. **Modification and Jurisdiction:** This Protective Order is without prejudice to any Party seeking modification of it from the Court. It will remain in effect until such time as it is modified, amended, or rescinded by the Court. The Court will have continuing jurisdiction to modify, enforce, interpret, or rescind this Protective Order, notwithstanding the termination of this case. This Protective Order will take effect when entered and will be binding upon all persons made subject to this Protective Order by its terms.

9. **Disclosure to Unauthorized Persons:** If a Party requests the permission of another Party to disclose Confidential Material to a person not authorized to receive it under this Protective Order, the designating Party may, in exercising its discretion to the request, condition such disclosure on the unauthorized person first signing a Confidentiality Acknowledgement,

5

substantially in the form attached hereto. Any agreements to disclose Confidential Material to persons not authorized under this Protective Order will be agreed to or memorialized in writing between the designating Party and the requesting Party. If the designating Party rejects the Party's request for permission, such disclosure will not be made unless, upon motion by the Party requesting such permission, this Court orders otherwise.

10. **Summaries and Compilations:** Any summaries, compilation, notes, copies, electronic images, or databases containing Confidential Material will be subject to the terms of the Protective Order to the same extent as the Confidential Material from which such summary, compilation, notes, copy, electronic image, or database is made or derived.

11. **Process Outside of The Mediation:** If a Party receives notice of any subpoena or other compulsory process outside of the Mediation commanding production of Confidential Material that a Party has obtained under the terms of this Protective Order, the Party will notify the designating Party in writing within five (5) business days of receiving the production request, unless earlier notice is necessary for the designating Party to obtain relief. It will be the responsibility of the designating Party to obtain relief from the subpoena or order prior to the due date of compliance, but, in order to give the designating Party an opportunity to obtain such relief, the Party from whom such information is sought will not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

12. **Conclusion of Mediation:** The provisions of this Protective Order will continue in effect with respect to any Confidential Material until expressly released by the Party designating the Confidential Material, and such effectiveness will survive the Mediation. Within thirty (30) days of the conclusion of the Mediation, unless otherwise agreed to by the disclosing Party in writing, all Confidential Material that is reasonably accessible, including all hard and electronic

copies, derivations, and summaries thereof, will be either (a) returned to the disclosing Party; or (b) destroyed or deleted, with a written certification of such destruction or deletion provided to the disclosing Party. Confidential Material that may exist on any back-up media which cannot be reasonably deleted within thirty (30) days after the conclusion of the Mediation may be retained until such time as they are subject to routine deletion or destruction provided that confidentiality is maintained in accordance with this Protective Order. after the conclusion of the Mediation.

Date: Nov 15 2017

/s/ Keith L. Phillips
U.S. Bankruptcy Judge

Entered on Docket: Nov 15 2017

WE ASK FOR THIS:

/s/ Lauren Friend McKelvey
Lauren Friend McKelvey (VSB No. 78813)
ODIN FELDMAN & PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone:  703-218-2135
Fax:      703-218-2160
E-mail:  Lauren.McKelvey@ofplaw.com
*Counsel for Defendants BlueChip Financial d/b/a BlueChip and American AIS LP*


/s/ Thomas D. Domonoske
Thomas D. Domonoske, VA Bar No. 35434
Consumer Litigation Associations
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (540) 442-7706
tom@clalegal.com
*Counsel for Plaintiff Dori Danyelle Wingate*

7

## **LOCAL RULE 9022-1 (C) CERTIFICATION**

The foregoing Order was endorsed by all necessary parties pursuant to Local Rule 9022-1 (C).

/s/ Lauren Friend McKelvey

Lauren Friend McKelvey (VSB No. 78813)


**PARTIES TO RECEIVE COPIES**

Lauren Friend McKelvey (via Notice of Electronic Filing)
Thomas D. Domonoske (via Notice of Electronic Filing)
Emily Connor Kennedy (via Notice of Electronic Filing)
Dale W. Pittman (via Notice of Electronic Filing)

8

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **DORI DANYELLE WINGATE** | * | **Case No. 15-35033-KLP** |
| | * | Chapter 13 |
| | * | |
| Debtor. | * | |
| _____ | | _____ |
| **DORI DANYELLE WINGATE**, | * | |
| *individually and on behalf of a class of* | * | |
| *similarly situated individuals,* | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | **Adv. Pro. No. 17-04453-KLP** |
| | * | |
| **BLUECHIP FINANCIAL,** | * | |
| **D/B/A SPOTLOAN**, *et al.* | * | |
| | * | |
| Defendants. | * | |

## CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, state the following:

I have read and understand the Protective Order to which this Confidentiality Acknowledgement is annexed, and I attest to my understanding that access to information designated as "Confidential Material" may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of the Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

Dated: _____

_____

9

**Signature**

_____
**Printed Name**

_____
**Employing Entity (If Any)**

_____
_____
**Address**